UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **COZZIE MARIE MORGAN,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 7:24-cv-00874-RDP |
| } | |
| **FRANK BISIGNANO, COMMISSIONER** } | |
| **OF SOCIAL SECURITY,**[1] } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OF DECISION

Plaintiff Cozzie Marie Morgan filed this *pro se* action seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her claim application for a period of disability and disability insurance benefits ("DIB"), alleging disability beginning September 15, 2021. (Doc. # 1). *See also* 42 U.S.C. § 405(g). After careful review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

**I.   Proceedings Below**

On February 8, 2022, Plaintiff filed an application for DIB alleging that she was unable to work beginning September 15, 2021. (Tr. 166-67). On August 2, 2022, the agency denied the application at the initial level. (Tr. 67-71). On October 1, 2022, Plaintiff requested reconsideration of that decision. (Tr. 72). On July 18, 2023, the agency confirmed the original denial of her claims. (Tr. 73-76).

---

[1] On May 7, 2025, Frank Bisignano became the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), the court substitutes Commissioner Bisignano as the defendant in this action. See Fed. R. Civ. P. 25(d) (Although the public officer's "successor is automatically substituted as a party" when the predecessor no longer holds office, the "court may order substitution at any time. . . .").

On September 11, 2023, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 82-83). The ALJ conducted a hearing on February 21, 2024. (Tr. 32-48). On April 3, 2024, following the hearing, the ALJ issued an unfavorable decision on Plaintiff's claim. (Tr. 14-31). On May 3, 2024, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5).

On July 2, 2024, Plaintiff filed her *pro se* Complaint for Review of a Social Security Disability Decision. (Doc. # 1). The relevant period for purposes of this appeal is September 15, 2021 through the date of the ALJ's decision, April 3, 2024. (Tr. 27).

**II.    ALJ Decision**

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as activity that is both "substantial" and "gainful." *Id.* § 1572. "Substantial" work activity is work that involves doing significant physical or mental activities. *Id.* § 404.1572(a). "Gainful" work activity is work that is done for pay or profit. *Id.* § 404.1572(b). If the ALJ finds that the claimant engages in activity that meets both of this criteria, then the claimant cannot claim disability. *Id.* § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities. *Id.* § 404.1520(a)(4)(ii). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See id.* §§ 404.1520(d), 404.1525, and 404.1526.  If such criteria are met, the claimant is declared disabled. *Id.* § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must

first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant is determined to be capable of performing past relevant work, then the claimant is deemed not disabled. *Id.* If the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the fifth and final step. *Id.* § 404.1520(a)(4)(v). In the last part of the analysis, the ALJ must determine whether the claimant is able to perform any other work commensurate with her RFC, age, education, and work experience. *Id.* § 404.1520(g). Here, the burden of proof shifts from the claimant to the ALJ to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given her RFC, age, education, and work experience. *Id.* §§ 404.1520(g), 404.1560(c).

Plaintiff was injured in a 13-15 foot fall on September 16, 2021. (Tr. 34, 36, 41, 219, 340). There is conflicting evidence regarding whether her fall was work related. (Tr. 36, 166, 359, 362). At that time, she was 33 years old, five foot eight inches tall, weighed 256 pounds, had a high school education plus two years of college, and had past work experience as a corrections officer and a packer. (Tr. 25, 166, 223-24). As a result of the fall, Plaintiff suffered a broken right ankle and foot and a broken left knee and leg. (Tr. 223). Following the injury, she underwent numerous surgeries and, between 2021 and 2023, she attended a "great deal of physical therapy." (Tr. 36). At the hearing before the ALJ on February 21, 2024, Plaintiff appeared in person with counsel. (Tr. 32). She was wearing a leg brace and an ankle brace. (Tr. 37).

Following the September 2021 injury, in December 2021, orthopedic specialist Kevin Thompson, M.D. cleared Plaintiff to start physical therapy. (Tr. 419-504).

On June 29, 2022, at Plaintiff's forty-first physical therapy ("PT") appointment, she reported that she had a 70% improvement in her right ankle and 65% improvement in her left knee

3

since beginning PT. (Tr. 565). She stated that she was still ambulating with a cane, but wanted to continue PT to work on ambulating without a cane. (Tr. 565).

On July 21, 2022 at Plaintiff's forty-second PT appointment, she reported that her knee had not been "too bad lately," although she had been having some discomfort below her knee. (Tr. 569). She reported that she had been able to do more around the house like vacuuming and sweeping. (Tr. 569).

On August 4, 2022, at her forty-third PT appointment, Plaintiff reported that her knee had been "doing good," but her ankle had been bothering her more. (Tr. 571). She reported that she was going out of town to help take care of her dad. (Tr. 571).

On September 15, 2022, Plaintiff reported a 75% improvement in her right ankle and a 70% improvement in her left knee, and that she could stand more. (Tr. 573-74). She reported that she had been performing exercises at home, and the PT plan was to discharge her to a home exercise program. (Tr. 578). The notes indicate that she had made "good progress towards all functional goals but wants to be able to walk without a cane." (Tr. 578).

Plaintiff was discharged from PT after her forty-seventh appointment on September 21, 2022. (Tr. 580). The reason for the discharge was listed as:

> Pt report about 70-75% improvement with condition since beginning therapy. Pt has made good progress towards all functional goals but wants to be able to walk without a cane. She wants to discharge to HEP for now and will consider restarting PT in a few months, if she feels like she needs more help getting back to the functional level that she wants.

(Tr. 580).

There is no record evidence of any impairment to Plaintiff's upper extremities or dexterity.

4

In his decision, the ALJ found that Plaintiff had severe impairments of fractures of the right ankle and foot, left knee and leg, and osteoarthritis (Tr. 20).[2]

Next, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled one of the Commissioner's Listing of Impairments. (Tr. 20). He specifically noted that "no treating, examining, or reviewing physician has suggested the existence of any impairment or combination of impairments that would meet or medically equal the criteria of any listed impairment." (*Id.*).

The ALJ also found that Plaintiff had the RFC to carry ten pounds occasionally and less than ten pounds frequently, stand or walk in combination for a total of two hours in an eight-hour day, and sit for a total of eight hours in an eight-hour day. (Tr. 21). He also found that Plaintiff can occasionally climb ramps or stairs, balance, kneel, crouch, or crawl; and can frequently stoop, but would need the use of a cane for ambulation and wears braces on her right ankle and left knee. (Tr. 21).

Although Plaintiff continued to seek medical treatment with complaints of pain, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. (Tr. 23). He further found that the objective medical evidence supports Plaintiff's use of a cane and access to handicap parking, but that there was no objective evidence of disabling pain or limitation of function. (Tr. 23). The ALJ also noted Plaintiff's alleged drowsiness from her medications, but found there was no objective evidence of drowsiness or impaired concentration. (Tr. 24).

---

[2] The ALJ found that Plaintiff also had a medically determinable impairment of obesity that is non-severe. (Tr. 20).

After fully considering Plaintiff's subjective allegations in light of the clinical findings and her course of treatment, the ALJ found that Plaintiff is unable to perform her past relevant work, but concluded that Plaintiff can successfully perform other work in the national economy within the parameters of the assigned RFC on a sustained basis. (Tr. 25). The ALJ noted that:

> The vocational expert testified that given all these factors the individual would be able to perform the requirements of representative occupations at the sedentary exertional level that are unskilled with an SVP of 2 such as:
>
> > 1. Order clerk (DOT Code 209.567-014), with 20,000 such jobs in the national economy;
> >
> > 2. Final assembler (DOT Code 713.687-018), with 25,000 jobs nationally; and
> >
> > 3. Call out operator (DOT Code 237.367-014), with 800,000 jobs nationally.

(Tr. 26).

### III.     Plaintiff's Argument for Remand or Reversal

Plaintiff argues that the ALJ made the following errors in denying her claim:

1. Overlooking key medical evidence that demonstrates the severity of her impairments including post-traumatic arthritis (see Exhibit 3A), University Orthopedics Report);

2. Failing to adequately assess her functional limitations and residual functional capacity, as supported by her medical records and physician opinions; and

3. Denying her a fair opportunity to testify about her symptoms and limitations, violating her right to present a full and fair case (see Exhibit 4A).

(Doc. # 9 at 1-2). With her brief, Plaintiff filed certain exhibits that were in the record that the ALJ considered (Doc. # 9 at 10-13), and other documents that were not previously submitted or a part of the record (Doc. # 9 at 15-23). The second category of documents include an unsworn, undated letter written by someone who has known Plaintiff for nine years and had been her caregiver (Doc. # 9 at 15), and documents from Dr. Thompson at University Orthopaedic consisting of a January 16, 2025 note that "icing and lifting is a part of [Plaintiff's] healing process," and his May 6, 2024 "Medical Source Statement." (Doc. # 9 at 17, 19-23). That statement states that Plaintiff does *not*

6

"require a handheld assistive device for ambulation." (Doc. # 9 at 19). It also states repeatedly that "patient is permanently disabled." (Doc. # 9 at 18-23).

The court notes that although Plaintiff is proceeding pro se on her appeal, she was represented by counsel before the ALJ.

## IV. Standard of Review

A limited scope of judicial review applies to a denial of Social Security benefits by the Commissioner. The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See Id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

V.  **Discussion**

    A.  **Overlooking Medical Evidence**

Plaintiff argues that the ALJ should have found that she satisfied a Listing. (Doc. # 9 at 5). Plaintiff bears the burden of establishing that she satisfies a Listing. *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987) ("the burden is on the claimant to present specific medical findings that meet the various tests listed under the description of the applicable impairment, or, if in the alternative, he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present evidence which describes how the impairment has such an equivalency. *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir.1986)."). Plaintiff has not identified any such Listing or explained how she has satisfied that Listing. Therefore, she has failed to show that the ALJ erred in this regard.

Plaintiff suggests the ALJ did not consider all of her medical evidence and specifically points to a January 2023 visit to Dr. McKibbin at University Orthopedics. (Doc. # 9 at 4). In the decision as a whole, however, the ALJ discussed all the evidence related to her injuries, treatment, and PT at length. (Tr. 21-25). Moreover, the ALJ actually discussed the January 2023 visit to Dr. McKibbin that Plaintiff highlights in her brief. (Tr. 23-24 (citing Exhibits 4F and 5F)).

Plaintiff also emphasizes that her "physician explicitly stated that long term disability is appropriate []." (Doc. # 9 at 5). However, the Eleventh Circuit has held a treating physician's opinion that a claimant is "fully disabled" is not a medical opinion. *Williams v. Acting Comm'r of Soc. Sec.*, 649 Fed. Appx. 1000, 1002 (11th Cir. 2016) (holding that a treating physician's opinion that a claimant was "fully disabled" was not a medical opinion, but rather a conclusory legal judgment on issues reserved to the Commissioner).

The ALJ's decision is supported by the record evidence and Plaintiff's argument fails to show the ALJ made a legal error with respect to SSR 96-8p. At best, she simply urges this court

to reweigh the evidence which is inappropriate. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (court may not "decide facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner.").

      **B.**      **Failing To Adequately Assess RFC**

Plaintiff argues that the ALJ did not properly evaluate her medical records. She notes that she must use a cane for mobility and argues that, in addition to the matters considered by the ALJ, that she "must elevate and ice [her] legs multiple times throughout the day." (Doc. # 9 at 6). She admits, however, that "this specific practice is not documented in my medical records." (*Id.*).

In his decision the ALJ addressed this issue. He found that "the claimant's statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely consistent with the medical evidence." (Tr. 23). He specifically addressed Plaintiff's testimony that Dr. McKibbin had instructed her to elevate her legs above waist level. (Tr. 21). He found that the objective medical evidence from the relevant period supports Plaintiff's use of a cane and right knee and left ankle braces. (Tr. 23). However, he found that "there are no references to any [instruction to elevate her legs to waist level] in the evidence of record." (Tr. 24).

SSR 96-8p requires an ALJ to describe how the evidence supports his conclusions, discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis, and consider and address medical opinions, and evaluate subjective complaints. *See* SSR 96-8p, 61 Fed. Reg. 34474-01, 1996 WL 374184, at *7 (July 2, 1996). SSR 96-8p requires an assessment of work-related abilities on a function-by-function basis. *Id*. However, an ALJ satisfies the specificity obligations of SSR 96-8p by discussing a claimant's impairments and thereafter expressing a claimant's RFC in vocationally relevant terms. *Carson v. Comm'r of Soc. Sec.*, 440 F. App'x 863, 864 (11th Cir. 2011). He did so appropriately here.

Plaintiff's argument fails to show that the ALJ made a legal error with respect to SSR 96-8p and substantial evidence supports his decision. Again, what Plaintiff seeks is for the court to reweigh the evidence, which this court may not do. *Mitchell*, 771 F.3d at 782.

### C.     Fair Opportunity to Testify and Present Case

Plaintiff argues that she was "denied the opportunity to testify fully about [her] symptoms and functional limitations" and that she was "unable to submit updated medical evidence from [her] treating physician." (Doc. # 9 at 7).

Plaintiff was present at the hearing before the ALJ represented by counsel and she testified at the hearing. (Tr. 35-41, 47-48). At the beginning of the hearing, Plaintiff's attorney agreed that the record was complete. (Tr. 34). There is no indication he attempted to present any additional evidence. (Tr. 35-48). A vocational expert ("VE") also testified at the hearing. (Tr. 41-46). Plaintiff's attorney was able to examine the VE and indicated that he asked all the questions he had of the VE. (Tr. 46-47).

It appears that the additional evidence Plaintiff seeks to rely upon is the January 16, 2025 note from Dr. Thompson that "icing and lifting is a part of [Plaintiff's] healing process" and his May 6, 2024 "Medical Source Statement." (Doc. # 9 at 17, 19-23). First, neither piece of evidence is temporally relevant. The relevant period for purposes of this appeal is September 15, 2021 through the date of the ALJ's decision, April 3, 2024. (Tr. 27). Second, as noted above, a treating physician's opinion that a claimant is "fully disabled" is not a medical opinion but rather a conclusory legal judgment on issues reserved to the Commissioner. *Williams*, 649 Fed. Appx. at 1002. Finally, Plaintiff could have obtained and submitted additional opinions from Dr. Thompson and a third-party statement from her friend either while the case was pending before the ALJ or at least prior to the Appeals Council's May 3, 2024, denial of review. (Tr. 1).

Plaintiff requested Appeals Council review through counsel (Tr. 164), and her counsel knew of her right to submit evidence to the Appeals Council, knew that she could obtain an extension of time to submit evidence, and knew that if the Appeals Council did not receive a request for more time, then it would proceed based on the record before it. (Tr. 1-2, 9-10). Plaintiff has failed to show "good cause" for submitting additional evidence. *See* 42 U.S.C. § 405(g) (sentence six); *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (setting forth the criteria for submitting additional evidence); *see also Pitochelli v. Comm'r of Soc. Sec.*, 2021 WL 825089, at *6 (M.D. Fla. Mar. 4, 2021 (finding claimant did not have "good cause" for not submitting a medical opinion that was not created until after the Appeals Council denied review because there was no reason it could not have been acquired during the administrative process). For these reasons, even if the court were to consider this additional evidence, the result is the same.

## VI.  Conclusion

Applying the applicable limited scope of judicial review to the ALJ's decision, the court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and the proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed. A separate order in accordance with this Memorandum of Decision will be entered.

**DONE** and **ORDERED** this September 3, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE